MEMORANDUM *
Kevin Ray Schultz appeals from his conviction, arguing that the district court erred in denying his motion to suppress evidence later introduced at his trial for being a felon in possession of a firearm.
1. The district court did not clearly err in crediting Detective Giannone’s testimony. At the hearing before the district court on Schultz’s motion to suppress, Giannone testified to a “ ‘coherent and facially plausible story ... not contradicted by extrinsic evidence,’ ” namely that he observed Schultz commit a traffic violation at the corner of Ford Avenue and Las Vegas Boulevard after having earlier observed him commit a different violation at the intersection of Audrie Street and Tropicana Avenue. See Rodriguez v. Holder, 683 F.3d 1164, 1172 (9th Cir.2012) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Although there were some inconsistencies in Giannone’s testimony at the hearings before the magistrate judge and the district court, and between the two arrest reports that Giannone wrote, the district court adequately explained its decision to credit Giannone’s ultimate testimony regarding the principal disputed facts. *703 Under our deferential standard of review, we hold that the district court’s credibility determination was not “illogical, implausible, or without support in inferences that may be drawn from facts in the record.” See United States v. Hinkson, 585 F.3d 1247, 1251 (9th Cir.2009) (en banc).
2. The officers’ undisputed testimony was that they delayed, at most, twenty minutes after observing the traffic violation before stopping Schultz, so as to avoid confronting a possibly armed suspect in a store or commercial parking lot. Under the totality of the circumstances, the officers’ decision to stop Schultz after that short delay was reasonable under the Fourth Amendment. See Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); United States v. Willis, 431 F.3d 709, 715 (9th Cir.2005).
3. The district court did not clearly err in crediting Detective Denton’s and Giannone’s testimony, rather than Schultz’s, that Schultz knowingly and intelligently waived his Miranda rights before telling the Detectives where in his impounded car a gun was stashed. See United States v. Crews, 502 F.3d 1130, 1135 (9th Cir.2007).
AFFIRMED

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.